**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 4 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

ROBERT L. BROWN,

        Plaintiff-Appellant,

v.

SEARS, ROEBUCK AND
COMPANY, a Corporation,

        Defendant-Appellee.

No. 97-6150
(D.C. No. 96-CV-329)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **BARRETT**, and **BRISCOE**, Circuit Judges.

      After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Robert L. Brown appeals the district court's order granting summary judgment in favor of defendant Sears, Roebuck & Company, on his disparate treatment claim under the Age Discrimination in Employment Act (ADEA), 29 U.S.C.A. §§ 621-634.[1]  We exercise jurisdiction pursuant to 28 U.S.C.A. § 1291 and affirm.

Plaintiff was employed by defendant as an appliance salesperson from 1968 until December 1973, and again from September 1975 until he took early retirement in 1993.  Following his retirement, in the late fall of 1993, plaintiff was rehired by defendant to work part-time.  On June 12, 1995, when he was 57 years old, plaintiff was discharged.  Plaintiff alleges that he was discharged because of his age pursuant to a "corporate policy to get rid of older employees." Appellant's Br. at 4.  Defendant maintains that plaintiff was discharged as a result of an investigation which revealed that he was falsifying certain sales records so as to overstate his sales performance.  Five other employees were also  discharged as a result of the investigation.  All but one were over 40.

We review a summary judgment decision de novo, viewing the record in the light most favorable to the nonmoving party.  See Cone v. Longmont United

---

[1]     Plaintiff does not appeal the district court's earlier dismissal of his purported disparate impact claim under the ADEA, his pension fraud claim, and his claim under the Americans with Disabilities Act.  Nor does he challenge the district court's decision, upon granting summary judgment, to dismiss his state law claims without prejudice.

Hosp. Ass'n, 14 F.3d 526, 527-28 (10th Cir. 1994). Summary judgment is appropriate only if there are no genuinely disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Id.

To establish a prima facie case of age discrimination under the framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973), an ADEA plaintiff must ordinarily demonstrate that (1) he was within the protected class; (2) he was doing satisfactory work; (3) he was discharged in spite of the adequacy of his work; and (4) a younger person replaced him. See Greene v. Safeway Stores, Inc., 98 F.3d 554, 558 (10th Cir. 1996). In this case, the district court found that plaintiff failed to establish a prima facie case because he failed to present any evidence that he was replaced by a younger person. Relying on O'Connor v. Consolidated Coin Caterers Corp., 116 S. Ct. 1307, 1310 (1996) (where the Fourth Circuit's requirement to show replacement by a worker under 40 was rejected), and Greene, 98 F.3d at 558-60 (where the defendant's judgment as a matter of law was reversed, notwithstanding the plaintiff's replacement by an older worker), plaintiff contends on appeal that the failure to show replacement by a younger worker is no longer fatal to a prima facie case. In Greene (which acknowledged and discussed O'Connor), however, we specifically declined to reach "the issue whether this Circuit allows a plaintiff in an 'extraordinary' situation to present a prima facie case through the McDonnell Douglas burden

shifting approach even though the plaintiff fails to satisfy one or more of the prongs." Greene, 98 F.3d at 560. Rather, we held that the plaintiff there "presented a submissable case of discrimination based on direct and circumstantial evidence without relying on the McDonnell Douglas test." Id.

In this case, as in Greene, we find it unnecessary to reach the potential legal issue raised by plaintiff's failure to satisfy the fourth prong of the prima facie case. See Griffin v. Davies, 929 F.2d 550, 554 (10th Cir. 1991) ("We will not undertake to decide issues that do not affect the outcome of a dispute."). The establishment of a prima facie case simply gives rise to a presumption of unlawful discrimination, which disappears when a defendant produces evidence of a legitimate, nondiscriminatory reason for its action, see Greene, 98 F.3d at 558, as defendant did here. At the summary judgment stage, it is then the plaintiff's responsibility to show that there is a genuine dispute of material fact as to whether age was a determinative factor in the defendant's decision, or whether the defendant's explanation for its action was merely pretext. See Cone, 14 F.3d at 529. We agree with the district court's conclusion that in his case, plaintiff has failed to meet his burden of discrediting defendant's legitimate reason for terminating him.

Plaintiff challenges this conclusion on appeal, relying exclusively on two remarks made by the store manager to Danny O'Shields, one of the other

employees terminated as a result of the investigation.[2]  He contends that the district court improperly characterized these remarks as "stray remarks by [a] non-decision-maker[]."  Appellant's Br. at 6 (quotation omitted).  We disagree.  Age-related comments may support an inference of age discrimination if the plaintiff demonstrates a nexus between the allegedly discriminatory statements and the adverse employment action.  Cone, 14 F.3d at 531.  Here, plaintiff has made no such demonstration.  The remarks were not made to or about plaintiff.  Although they were made to another employee who was terminated at the same time, the remarks do not appear to have been in any way related to either the investigation or the subsequent terminations.  Furthermore, plaintiff's arguments to the contrary notwithstanding, the undisputed evidence in this record indicates that the store manager was not involved in the decision to terminate plaintiff or the others.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.

Entered for the Court

Wade Brorby
Circuit Judge

---

[2]  One of the remarks was to the effect that Mr. O'Shields was "making good money for a man [his] age."  Appellant's App. at 23.  The other was to the effect that Mr. O'Shields was "getting a little gray on top there."  Id. at 24.